**In the Matter of Jesse L. COLEMAN.**

**No. 49S00–0610–DI–366.**

Supreme Court of Indiana.

May 11, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In 2001, E.J. hired Respondent to represent her in pursuing a Title VII employment discrimination claim and a worker's compensation claim, both arising from the same general set of facts. Respondent filed the Title VII claim in a federal District Court on December 21, 2001. Shortly after Respondent filed the complaint, E.J. began encountering difficulty in contacting Respondent. Respondent rarely returned the calls, and those calls that Respondent did answer were returned two to three weeks after she left a message.

At a pretrial conference on June 25, 2002, the court ordered Respondent to file preliminary witness and exhibit lists by September 1, 2002, a special statement of damages by January 1, 2003, a settlement demand by February 10, 2003, and a confidential settlement statement by February 22, 2003. The court set the matter for settlement conference on February 25, 2003, and for trial on October 14, 2003.

On July 31, 2002, opposing counsel filed a request for production and interrogatories. Opposing counsel also sought a date for taking E.J.'s deposition. On January 31, 2003, E.J. signed answers to interrogatories, but Respondent did not serve them on opposing counsel at that time.

On February 24.2003, Respondent first informed E.J. of the settlement conference set the following day. On February 25, 2003, just minutes before the settlement conference, Respondent faxed the court a confidential settlement statement. He had not, however, filed a witness and exhibit list, a statement of special damages or a settlement demand; responded to interrogatories or the request for production; or provided a time for E.J.'s deposition. The court ordered these deficiencies corrected by February 28, 2003, and set E.J.'s deposition for April 3, 2003.

Respondent provided interrogatory answers and responded to the request for production on February 26, 2003. Opposing counsel, however, believed that the answers were inadequate and that Respondent had not provided all the requested documents. Opposing counsel notified Respondent of her concerns by letter on March 3, 2003, and asked Respondent to remedy the matter by March 14. Respondent did not respond to this letter. On April 2, 2003, opposing counsel spoke with Respondent, who agreed to complete discovery. Respondent faxed some material to opposing counsel after business hours. Because opposing counsel did not receive the materials before E.J.'s deposition on April 3, the deposition was continued.

On May 1, 2003, opposing counsel filed a motion for summary judgment. Respondent never filed a response. On July 29, 2003, the court granted the motion and dismissed the case. On August 11, 2003, opposing counsel filed a petition for costs of $986.45, which the court granted. Respondent failed to notify E.J. of any of these events.

In late summer or early fall of 2003, E.J. and her family began calling Respondent's office nearly every day for about six weeks. Unable to reach Respondent, E.J. contacted the clerk on September 23, 2003, and learned that her case had been dismissed and costs assessed against her. E.J. finally was able to reach Respondent's secretary and demanded the return of her file. When she obtained it, she discovered that medical records, receipts, and tax returns were missing from the file. Respondent did not respond to E.J.'s request for the missing documents.

On November 5, 2001, Respondent also filed a claim for E.J. with the worker's compensation board. On December 17, 2001, opposing counsel requested information to substantiate E.J.'s claim and a settlement demand. Respondent did not respond, and on March 21, 2002, opposing counsel renewed his requests. Still, Respondent did not respond. At a pretrial conference on March 27, 2002, opposing counsel repeated his requests. By November 7, 2002, Respondent still had not complied, so opposing counsel filed a motion to dismiss for lack of prosecution or, in the alternative, to compel discovery. The board give Respondent until January 31, 2003, to comply with discovery. At a pretrial conference on January 22, Respondent stated his intention to comply with the deadline. On February 9, 2003, Respondent faxed some discovery responses to opposing counsel but did not include a settlement demand.

On October 6, 2003, opposing counsel again requested a settlement demand. Respondent did not respond. On December 22, 2003, about two months after E.J. had retrieved her file from Respondent, he received a settlement offer of $2,500. Respondent did not respond and did not communicate this offer to E.J. In June 2004, E.J. settled her worker's compensation claim on her own for $6,000.

The parties agree to the following facts in aggravation: (1) Respondent has practiced law since 1974 and should have been aware of his duties and the effects of his

misconduct; and (2) Respondent failed to answer in a timely manner the Verified Complaint initiating this action and otherwise was inattentive to this action.

The parties agree to the following facts in mitigation: (1) Respondent has no prior history of disciplinary action; and (2) Respondent had no selfish or dishonest motive.

**Violations:** The parties agree that Respondent violated the following Indiana Professional Conduct Rules:

1.2(a): failure to abide by client's decisions concerning the objectives of the representation;

1.3: failure to act with reasonable diligence and promptness;

1.4(a): failure to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information;

1.4(b): failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions;

1.16(d): failure to surrender papers and property to which the client was entitled, and failure to take reasonable steps to protect client's interest upon termination of representation;

3.4(c): knowing disobedience of an obligation under the rules of a tribunal; and

3.4(d): failure to make reasonably diligent efforts to comply with a legally proper discovery request.

**Discipline:** The parties have agreed that the appropriate sanction is a 30-day suspension from the practice of law with automatic reinstatement thereafter. Respondent clearly and seriously neglected his professional duties to his client, and in some circumstances, such conduct would warrant a lengthier period of suspension. In assessing the agreed sanction in this case, that Court notes that this has been the only disciplinary action against Re-

spondent since his admission to practice in 1974. In light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases and the apparently isolated nature of Respondent's misconduct, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of thirty (30) days, beginning June 18, 2007.** Respondent is ordered to fulfill his duties as a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.