**In the Matter of Jesse L. COLEMAN, Respondent.**

**No. 49S00–1305–DI–300.**

Supreme Court of Indiana.

Sept. 8, 2014.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable Robert R. Altice, Jr., who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In June 2006, TC and her husband, GC, were struggling financially. They lived in a home which TC owned. On June 26, 2006, the nominee of the holder of a mortgage on TC's home ("the Mortgage Foreclosure plaintiff") initiated a "Mortgage Foreclosure Case" by filing a "Foreclosure Complaint" against TC.

TC met with the Respondent on or about July 17, 2006, to discuss her financial problems. Respondent suggested bankruptcy as a solution, and TC hired Respondent to file bankruptcy for her and GC. Respondent advised TC that the filing fee for a bankruptcy would be $294, and TC paid that fee to Respondent on that date. TC gave him a copy of the Foreclosure Complaint. Respondent informed TC that his fee would be $1500, with $250 to be

paid before the bankruptcy would be filed, $250 before the first meeting of creditors, and the remainder through the bankruptcy plan. It is undisputed that TC and GC never paid Respondent any attorney fees.

On July 20, 2006, the Respondent filed his appearance for TC in the Mortgage Foreclosure Case and a motion asking for an extension of time to respond to the Foreclosure Complaint, which the foreclosure court granted. Respondent filed his appearance in the Mortgage Foreclosure Case for the limited purpose of monitoring the status of the case, which Respondent testified is a common practice among bankruptcy attorneys in such situations. There is no evidence that TC had any defense to the foreclosure action. Rather, TC's only possible remedy would be to pay the mortgage arrearage as part of a Chapter 13 bankruptcy plan.

On May 4, 2007, the foreclosure court entered a default judgment entry and decree of foreclosure ("the Foreclosure Decree"), which gave the Mortgage Foreclosure plaintiff a personal judgment against TC for $61,118.73 and ordered that TC's home be sold at a sheriffs sale. On July 18, 2007, TC's home was sold at the sheriff's sale to the Mortgage Foreclosure plaintiff.

On August 9, 2007, Respondent filed a Chapter 13 bankruptcy petition for TC and GC. He testified that he did so even though he had not received any attorney fees because he felt sorry for TC. Respondent did not notify the foreclosure court of the bankruptcy at that time. On September 28, 2007, Respondent filed a Chapter 13 plan for GC and TC with the bankruptcy court. The Mortgage Foreclosure plaintiff objected to the plan, noting that the mortgage no longer existed since TC's home had been sold at a sheriffs sale two months earlier. The bankruptcy court rejected the Chapter 13 plan. On October 3,

2007, Respondent filed a Notice of Automatic Stay in the Mortgage Foreclosure Case.

On October 25, 2007, Respondent failed to appear for the " § 341" meeting of creditors in TC and GC's bankruptcy. On that date, the bankruptcy court scheduled a Motion to Abandon and Motion for Relief from Stay, which the Mortgage Foreclosure plaintiff had filed earlier, for a hearing. Respondent timely filed an objection and a motion to set aside the foreclosure judgment.

At a hearing on November 27, 2007, the bankruptcy court granted the motion for relief from stay, over Respondent's objection, and denied his motion to set aside the foreclosure, clearing the way for the Mortgage Foreclosure plaintiff to take possession of the house. On December 12, 2007, TC and GC were evicted from the house. There is no evidence that TC and GC ever had the financial means to fund a Chapter 13 plan to save the house.

On February 9, 2008, Respondent filed a notice to convert their bankruptcy from Chapter 13 to Chapter 7 liquidation. On May 13, 2008, the bankruptcy case was closed, without any discharge of debts because TC failed to complete a required personal financial management course.

The following are facts in aggravation: (1) Respondent has a history of prior discipline, see *Matter of Coleman*, 867 N.E.2d 132 (Ind.2007) (30–day suspension with automatic reinstatement); (2) Respondent is an experienced lawyer who has practiced law for nearly forty years; and (3) Respondent did not have good cause for his extreme delay in responding to the Commission's request for production during the disciplinary proceeding.

**Violations:** The parties sharply dispute when an attorney-client relationship arose between Respondent and his clients and

the extent of Respondent's duties in the Mortgage Foreclosure Case. After a careful review of the parties' arguments and the evidence, the Court concludes the Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:[1]

> 1.3: Failure to act with reasonable diligence and promptness by his failure to promptly notify the foreclosure court of the bankruptcy filing and his failure to attend the § 341 meeting of creditors in the bankruptcy case.
>
> 1.4(a)(3) and 1.4(b): Failure to keep a client reasonably informed about the status of a matter and failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions by his failure to keep TC and GC reasonably informed about what was happening in the foreclosure action and his failure to alert them that a delay in filing for bankruptcy relief might prevent them from trying to pay the mortgage arrearage through a Chapter 13 plan and save TC's house.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning October 20, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

---

**1.** The Court concludes that the Commission failed to meet its burden of proof on its charge that Respondent violated Rule 1.4(a)(4), which prohibits failure to comply promptly with a client's reasonable requests for information.